# SUPREME COURT.

## In the Matter of JAMES A. DEERING.

## In the Matter of NANCY PARKER.

*Assessment sales — Vacation for error.*

Sales made by the clerk of arrears in the city of New York for unpaid assessments for opening public parks, streets and avenues may be vacated for irregularity under chapter 358, Laws of 1858, as amended by chapter 383, Laws 1870, and chapter 312, Laws 1874.

The opening of a public park, street or avenue under the act of 1813 (*chap.* 86), is a "local improvement."

An assessment for a local improvement in said city is not due or a lien until the title thereof is entered in a record of titles of assessment lists confirmed in the office of the clerk of arrears and street commissioner. It is erroneous, therefore, to charge interest thereon from the date of confirmation.

*Special Term, June,* 1878.

IN each of the above-entitled matters a petition was presented to the court at special term praying that certain sales for unpaid assessments be vacated and canceled. *In the Matter of Deering* the premises were situated on Broadway and Manhattan street and were sold December, 1874, for the term of 1,000 years, for the nonpayment of an assessment for opening Avenue St. Nicholas and widening Manhattan street, confirmed May 24, 1869, and an assessment for opening Morningside park, confirmed June 10, 1870. *In the Matter of Nancy Parker* the premises were situated at One Hundred and Thirty-second street and Twelfth avenue and were sold December, 1874, for the non-payment of an assessment for opening Avenue St. Nicholas and widening Manhattan street.

Various errors were alleged in the petition, among which

that the notice of sale did not conform to the statute of 1871;
that the notice of sale was not published in the designated
public newspapers; that no description of the premises was
given by the clerk of arrears, and that at the time of sale
interest was charged from the date of confirmation of each
assessment. Upon the presentation of the petition an order
was made to take proofs. Upon the proofs taken the motion
to vacate the sales was made.

*James A. Deering,* for petitioners, cited chapter 358, Laws
1858; chapter 383, Laws 1870, section 27; chapter 312,
Laws 1874; *Astor* agt. *The Mayor* (62 *N. Y.,* 580); *Dolan*
agt. *The Mayor* (*id.,* 475); *In re Arnold* (60 *id.,* 26);
chapter 381, Laws 1871; *De Peyster* agt. *Murphy* (39 *Super.
Ct.,* 255); *In re Louisiana St. John* (*MS.* 1877); Blackwell
on Tax Titles (*sec.* 161, *et seq.*); *Farnim* agt. *Rufnim* (4
*Bush,* 260); *Lafertees, Lessee,* agt. *Byers* (5 *Ham,* 458);
*Ronkerdorff* agt. *Taylor* (4 *Peters,* 349; *S. C.,* 8 *Wheat.,* 681).

*William C. Whitney,* counsel to the corporation, and *J. A.
Beall,* for the corporation, cited chapter 579, Laws 1853;
chapter 86, Laws 1813; chapter 302, Laws 1859; chapter 293,
Laws 1861; chapter 381, Laws 1871; chapter 358, Laws 1858;
*In re Arnold* (60 *N. Y.,* 26); *Dolan* agt. *The Mayor* (62 *id.,*
472); section 7, chapter 580, Laws 1872; chapter 40, Laws
1867, section 5; 2 Ohio Statutes, 278; 33 Mississippi, 452.

LAWRENCE, *J.* — *In the Matter of Arnold* (60 *N. Y. Rep.,
p.* 26) the court of appeals decided that the act of 1858
(*Laws of* 1858), authorizing proceedings to vacate assessments
for local improvements in the city of New York, has no
application to assessments made under the Revised Laws of
1813 (*sec.* 178, *chap.* 84, *R. L. of* 1813, *as amended by chap.*
483, *Laws of* 1862) to pay for lands taken for the opening
and widening of streets. Judge GROVER, in delivering the
opinion of the court in that case, says: "It is clear that the
act of 1858 only intended to give the benefit of a judicial

investigation as to fraud or legal irregularity of assessments made for local improvements in cases where no such investigation had already been had, or might have been had in the amplest manner had the parties desired." The same doctrine was reiterated by the court of appeals in the case of *Dolan agt. The Mayor, &c.* (62 *N. Y., p.* 475), and the court, in alluding to the case of Arnold, states that " that decision was placed upon the ground that proceedings for such assessments are conducted before the court, and its confirmation of the report of the commissioners is a judgment pronounced on a full hearing of the parties, and conclusive in its character as to all questions litigated, or *which might have been litigated in the proceeding.*" The petitioner in this case does not, however, ask to have the assessments referred to in her petition vacated.

Such assessments were imposed for benefit derived by the petitioner's property from the opening of St. Nicholas avenue and Morningside park. The proceeding is taken to vacate the *sale* of the petitioner's property, which was made for the nonpayment of such assessment; and it is alleged that such sale was irregular for the reason that the interest on the amount of each assessment was computed from the date of the confirmation of the report of the commissioners, and not from the date of the entry of such confirmation in the " title of assessment lists confirmed " in the bureau of the clerk of arrears. If the assessment in question were for ordinary paving, or for regulating or grading, or for the construction of sewers, this error would be fatal to the regularity of the sale (*Laws of* 1871, *chap.* 381, *p.* 141, *sec.* 1; *Matter of Louisiana St. John, opinion of* BRADY, J.).

The question in this case then is, whether while the act of 1858, as amended by subsequent acts, cannot be invoked for the purpose of *vacating an assessment* imposed for the opening of a street, or avenue or park, it can be resorted to for the purpose of *vacating a sale* made to satisfy such assessment where there has been an irregularity in the sale? It will be

observed that the court of appeals, in the cases to which I
have referred, held that the act of 1858 did not apply to
assessments for street openings, for the reason that the con-
firmation of the report of the commissioners is a "judgment
pronounced on a full hearing of the parties and conclusive in
its character," &c.   No such feature attaches to the proceed-
ings taken by the corporation of the city to sell the lands
assessed for the nonpayment of the assessment.   The same
procedure is followed in reference to such sales as obtains in
the case of sales of land for the nonpayment of taxes and for
all ordinary local improvements.   If the reason given in the
above cases is the sole reason why the act of 1858 is not appli-
cable to assessments for the opening of streets, that reason
fails in regard to *sales* for the nonpayment of such assess-
ments; and such sales may be vacated under the act of 1858,
as amended, if the language of the statute is broad and com-
prehensive enough in its terms to include such sales.   I
confess that until the decision of the court of appeals, in the
case of *John Jacob Astor* agt. *The Mayor, &c., of New York*
(62 *N. Y., pp.* 588, 591), I was of the opinion that the term
"local improvements," as employed in the act of 1858 and in
the amendatory acts of 1870 (*Laws* 1870, *p.* 903) and 1874
(*Laws of* 1874, *p.* 366), only embraced assessments for regu-
lating, grading, paving, curbing, guttering and sewering
streets, &c.   The court, however, held that there was no such
distinction between the two classes of improvements as author-
ized the conclusion that both were not embraced in the terms
of the seventh section of the act of 1872 (*chap.* 580).

That act was an act relating to " certain local improve-
ments " in the city of New York, and the reasoning of the
learned judge who delivered the opinion in that case showing
that the term " local improvement " embraced street openings
as well as all other improvements is equally conclusive, in my
opinion in this case, to show that the term in the act of 1858,
and the acts amending the same, was not limited to improve-
ments other than for street openings, save and except where

Matter of Deering.

the proceeding is taken to *vacate* the assessment (*Astor* agt. *The Mayor*, 62 *N. Y.*, *pp.* 589, 591; *Matter of Arnold*, 60 *id.*, 26; *Dolan* agt. *The Mayor*, &c., *id.*, 472).

It seems to me then, that as the reasoning on which the court decided that the provisions of the act of 1858 do not embrace proceedings to vacate assessments for street openings does not apply to sales to satisfy such assessments, that act and the acts amendatory thereto may properly be resorted to, to vacate such sales, if irregular.

The act as amended in 1870, provides that "no assessment". shall be vacated pursuant " to the act hereby amended by reason of fraud or irregularity in the proceedings, by sale of the assessed premises; but upon proof of such fraud or irregularity such sale shall be set aside and the respective rights and liabilities of the assessed persons, and of the mayor, aldermen and commonalty of the city of New York, shall become and be the same as if such sale had not been made."

This language is not, on its face, limited to sales to satisfy any particular kind of assessment. It is general and applied to sales for all assessments, and as the act is remedial and intended for the benefit of those whose property is sought to be subjected to a special burthen for an improvement which, in its most essential feature, is of a public character, the operation of the act should not be restricted by a forced or narrow construction. The objection of the counsel to the corporation that the act of 1858 and the acts amendatory thereof, are not applicable to cases of sales for the nonpayment of assessments for opening of streets, does not appear to be well taken. Having reached the conclusion that sales for the nonpayment of assessments, imposed for street openings, can be vacated under the acts of 1858, 1870 and 1874, for irregularity, and that such sales stand on the same footing as sales for all other assessments, it necessarily results that this application must be granted for the reason stated by Mr. justice BRADY, in the case of *Louisiana St. John* (*supra*).

Motion to vacate sale granted.