IN THE MATTER OF THE PETITION OF ELIZABETH JONES AND WILLIAM B. WHITEMAN, EXECUTORS OF EDWARD JONES, DECEASED, TO VACATE A SALE FOR ASSESSMENTS, ETC.

*Application to vacate an assessment — a purchaser at the assesment sale is not a necessary party thereto.*

On an application, made under chapter 338 of 1858, to vacate an assessment, it is not necessary to notify one to whom the property has been sold for a failure to pay the assessment, although the time to redeem from the sale has expired, and a lease of the property has been delivered to the purchaser.

APPEAL from an order made at Special Term, dismissing the petition of the appellants to vacate a corporation sale of certain land, for the non-payment of an assessment.

On the 2d day of July, 1869, an assessment amounting to eighty-four dollars was imposed on the lands of the deceased, Edward Jones, known as lots ward numbers twelve, thirteen, fourteen and fifteen, in block number 1,286, in the Twelfth ward of the city of New York, for opening Twelfth avenue. On the 24th day of December, 1874, the assessment remaining unpaid, the said lots were sold at public auction for the term of 1,000 years. Ward numbers thirteen and fourteen were redeemed, but the other lots, numbers twelve and fifteen, were not, and on the 10th day of September, 1877, a lease thereof was delivered to S. N. Ga Nun, the assignee of the purchaser.

About the 1st of June, 1878, the petitioners brought this proceeding, joining the lessee as a party thereto, alleging that the sale was invalid for errors specified.

The alleged error was proved on the hearing, but the lessee did not appear, and it was objected on the part of the city that he could not properly be made a party to this proceeding, and that his vested rights could not be disposed of therein unless he chose to come in and submit to the jurisdiction of the court.

This objection was sustained by the court, and an order entered dismissing the petition, from which this appeal is taken by the petitioners.

*Jas. A. Deering*, for the petitioners, appellant.

*J. A. Beall*, for the mayor, etc., of New York, respondent.

BRADY, P. J.:

The sale of the land, to which reference is made in the petition, was irregular, and, therefore, null and void. (*In the Matter of Louisiana St. John*, MSS. opinion, BRADY, J.; *In the Matter of Deering*, 55 How. Pr., 296.) But a lease having been executed, and the objection having been taken that the lessee was not notified of this proceeding, the application to set aside the sale was, it seems, for that reason denied. The proposition maintained, if

this statement be correct, is that he should be made a party, and in some other form of remedy.

This view is regarded as erroneous. The owner of the land has no relations, arising from proceedings of the character mentioned, with any other person than the corporation of the city of New York. It is that body that undertook to sell the land, and the lessee must seek against it, such remedy, as he may have for any injury sustained by him growing out of its unauthorized assumption of power.

The act of the Legislature, discussed in the cases cited, provides for a summary hearing pursuant to the one known as chapter 338 of the Laws of 1858. It contemplates a hearing between the aggrieved party and the corporation, and none other, and expressly declares that upon proof, such as is given in this case, such sale shall be set aside, and the respective rights and liabilities of the assessed persons, and of the mayor, aldermen and commonalty shall become and be the same as if such sale had not been made. It would seem to be unjust to impose upon the owners of the land the obligation of resorting to a more formidable and expensive remedy, involving the pursuit of the unlawful lessee, to remove an unjust and unlawful cloud upon their title. The sale, it may also be remarked, being void, the purchaser acquired nothing by his lease. If any right exists in his favor, it would be to recover such damages from the city as he may have sustained, occasioned by his purchase. The buyer of property upon a sale for taxes and assessments must look to it that the sale is authorized by the law of the land, otherwise he buys at his peril.

For these reasons the order made at Special Term should be reversed, and the application granted, with costs.

INGALLS and DANIELS, JJ., concurred.

Order of Special Term reversed, and the application granted, without costs.